UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESLIE K. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-342 |
| v. ) | (COLLIER/GUYTON) |
| ) | |
| LENOIR CITY, TENNESSEE, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is a Motion for Protective Order and Expedited Hearing [Doc. 23]. The Court held a hearing on this matter in an expedited manner. Thus, the only issue remaining before the Court is Plaintiff's request for a protective order. For the reasons stated herein, the Motion for Protective Order will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff filed this case on June 14, 2013, alleging that the Defendants violated 42 U.S.C. § 1983, the Tennessee Public Employee Political Freedom Act, and the Tennessee Public Protection Act. [Doc. 1]. Plaintiff also alleged a breach of contract claim against Defendant Lenoir City. [Id.]. Defendants deny liability. [Doc. 7].

On November 8, 2013, the Plaintiff filed the instant motion, moving the Court to enter a proposed protective order [Doc. 23-1] or to enter a similar order allowing the parties to

designate, in good faith, certain documents, items, or information as "confidential" and useable only for purposes of this litigation. [Doc. 23 at 1]. Defendant has filed a response in opposition to Plaintiff's request. [Doc. 24].

On November 19, 2013, the parties appeared before the undersigned telephonically to address the Motion for Protective Order. After hearing the parties' oral arguments, the Court determined that supplemental briefing was appropriate. The parties filed the supplemental briefs on December 5 and 6, 2013. The Court finds that the issue before the Court is now ripe for adjudication.

## II.  POSITIONS OF THE PARTIES

Plaintiff moves the Court to enter an order allowing the parties to designate, in good faith, certain documents, items, or information as "confidential" and useable only for purposes of this litigation. Plaintiff argues that such an order is necessary to protect medical records and financial information. She also submits that such an order is necessary to protect photographs that she had taken and emails she had sent using a smartphone that was issued to her by Defendant Lenoir City. [Id.]. Plaintiff submitted that Lenoir City downloaded copies of these photographs from the smartphone, which is in Lenoir City's possession. [See id.]. Plaintiff alleges that Lenoir City has provided these photographs or related information to counsel for Plaintiff's ex-husband for use in a child-custody dispute between Plaintiff and her ex-husband. [See id. at 2; Doc. 23-2]. Plaintiff states that the proposed protective order was presented to counsel for Lenoir City, but he refused to endorse it.

In her supplement, Plaintiff proposes that the Court either: (1) enter an order forbidding the Defendants from using the photographs and emails they have obtained altogether; or (2) enter

2

an order that allows the parties to designate the emails and snapshots as confidential information and place them under seal pursuant to Local Rule 26.2. [Doc. 26]. The Plaintiff maintains that the Defendants' position that the emails and photographs found on Plaintiff's smartphone are public records is baseless. [Id. at 3-4]. The Plaintiff argues that the Defendants cannot rely on their potential use of the after-acquired evidence doctrine to preclude entry of a protective order.

The Defendants agree to a protective order to limit use of medical records and financial information. With regard to the remainder of Plaintiff's request, Defendants respond that the Plaintiff's request is overreaching and that she seeks to censor public information. [Doc. 24 at 2]. Defendants maintain that the information on the smartphone issued to her by Lenoir City is public information that should be accessible to the public through requests under the Tennessee Public Records Act ("TPRA"). [Id.]. Defendants have submitted a competing proposed protective order, [Doc. 24-1], along with two public records requests that have been made for Plaintiff's personnel file and related information, [Docs. 24-4 and 24-5].

In their supplemental brief, the Defendants submit that the after-acquired evidence issue has no bearing on the instant dispute and is not an issue before the undersigned. [Doc. 27 at 4]. Defendants reiterate that Plaintiff should not be allowed to censor the photographs and emails, because they constitute public records. [Id.]. Defendants oppose any order that would prohibit them from using evidence they have discovered in this case or would require that the photographs and emails be placed under seal pursuant to Local Rule 26.2(b). [Id.].
3

## III. ANALYSIS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Where good cause for a protective order has been shown, the Court may forbid or limit the disclosure of discovery. Fed. R. Civ. P. 26(c)(1)(A)-(B).

The parties agree that a protective order should be entered in this case to prevent disclosure of financial information and medical records. However, they disagree about whether the protective order should offer further protection. Specifically, they disagree on whether the emails and photos derived from Plaintiff's smartphone should be: barred from use at trial, deemed confidential for use in this case only, and/or filed under seal. The Court finds that good cause has been shown for limiting the use of the information derived from Plaintiff's smartphone to this case.

As an initial matter, the Court would note that the instant issue comes to the undersigned in a somewhat odd procedural posture. Generally, such disputes arise when a party has been asked by the other party to produce a document or other information in discovery. At that point, the requesting party does not have the document, and often the producing party will advocate for the entry of a protective order prior to producing the document in discovery. In this case, Defendant Lenoir City is already in possession of the photos and emails at issue. Thus, the issue of whether the photographs and information have to be produced is moot. Instead, the Court must determine what limitations, if any, will be imposed upon the photos and emails already in Defendants' possession.

The Court finds that the Plaintiff has not shown good cause to support Plaintiff's request that the Court enter an order forbidding the Defendants "from using the personal and private photographs of and emails to and from [Plaintiff] that they have endeavored to locate since the filing of this lawsuit." [Doc. 26 at 1]. This request would impose a seemingly extreme limitation on Defendants, and at this juncture, Plaintiff has not described any of the photographs or emails in detail. The Plaintiff has not demonstrated that wholesale preclusion of Defendants' use of the emails and photographs in this trial is appropriate.

However, the Court does find that the Plaintiff has shown good cause for imposing restrictions on the public exposure the materials will receive through the instant case. To the extent that the documents have been produced to or secured by the parties for use in this case, the documents shall only be used for purposes of this litigation.

The Court is mindful that Defendant Lenoir City has been and may be called upon to produce the emails and photographs pursuant to the Tennessee Public Records Act. The instant motion does not present a venue for resolving the issue of whether photographs and emails on a municipal employee's employer-issued phone are public records. The undersigned is charged with managing the discovery in this litigation, not ruling upon Lenoir City's obligations under the Tennessee Public Records Act. To the extent Defendant Lenoir City is called upon to produce these emails, photographs, or any other information relating to the Plaintiff's employment, such issues should be resolved in the Loudon County Chancery Court or Circuit Court, as they come ripe for adjudication.

To be clear, the litigants in the instant matter cannot and should not rely upon the instant ruling in their arguments before any state court. The ruling stated herein is meant to manage the instant litigation. It is not meant to bind either Plaintiff, Defendants, or any third party in

litigation in state court. In summary, the undersigned finds that whether or not any photo, email, or document in issue constitutes a public record (or a public document) that should be produced by the Defendants outside of the confines of discovery in this case is a question to be resolved by a Tennessee state court.

With regard to Plaintiff's request that the Court direct that *all* material deemed confidential be filed under seal pursuant to Local Rule 26.2(b), the Court finds that this request is not well-taken in its current form. Regardless of any good-faith designation by the parties, the Local Rules of the Eastern District of Tennessee[1] and the Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee[2] require that each request for sealing be evaluated on its individual merits. The undersigned has not viewed the documents that the parties will file in support of their positions, and the undersigned cannot make a wholesale and advisory ruling as to whether good cause for filing the documents under seal has been demonstrated.

Instead, the Court will order that if: (1) a document is designated, in good faith, as confidential, (2) a party determines that the document should be filed in CM/ECF in support of that party's position, and (3) the party determines that redaction is not practicable, the party filing the document shall file a motion to seal in accordance with CM/ECF Procedure 12.2[3] and Local Rule 26.2 demonstrating good cause for such sealing. The Court will adjudicate these specific requests for sealing.

---

[1] http://www.tned.uscourts.gov/docs/localrules.pdf
[2] http://www.tned.uscourts.gov/docs/ecf_rules_procedures.pdf
[3] CM/ECF Procedure 12.2 states: "Motions to seal will not be sealed. Counsel is strongly encouraged to set forth in the motion the justification for sealing in such a way that the motion need not be sealed. If counsel deems it necessary for the justifications to be sealed, counsel shall note in the motion that a memorandum is being filed and request that the memorandum and the document be sealed."

6

Case 3:13-cv-00342-CLC-HBG   Document 29   Filed 12/12/13   Page 6 of 7   PageID #: 195

## IV. CONCLUSION

Accordingly, the Motion for Protective Order **[Doc. 23]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Court **ORDERS** that, to the extent that the documents have been produced to or secured by the parties for use in this case, the documents **SHALL** only be used for purposes of this litigation;

2. The Court **ORDERS** that if: (1) a document is designated, in good faith, as confidential, (2) a party determines that the document should be filed in CM/ECF in support of that party's position, and (3) the party determines that redaction is not a practicable, the party filing the document shall file a motion to seal in accordance with CM/ECF Procedure 12.2 and Local Rule 26.2 demonstrating good cause for such sealing;

3. The Plaintiff **SHALL** revise the proposed protective order [Doc. 23-1] to reflect the above findings and re-file the proposed protective order in CM/ECF for the undersigned's signature; and

4. The Court finds that Plaintiff's request that the Defendants be banned "from using the personal and private photographs of and emails to and from [Plaintiff] that they have endeavored to locate since the filing of this lawsuit" is **DENIED**; and

5. The Court **ORDERS** that the ruling stated herein shall not be interpreted as a ruling upon Lenoir City's obligations under the Tennessee Public Records Act.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge